IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARL WATTS                                                                                     PLAINTIFF

v.                                                       CIVIL ACTION NO. 5:17-cv-38-DCB-MTP

RICHARD PICKET, *et al.*                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Letter Motion [17] to be placed in protective custody at a different prison. In the motion, Plaintiff argues that he is currently housed in a zone with an inmate who previously assaulted him, and that his life is in danger. He requests that the Court order the Defendants to transfer him to a protective custody unit in a different prison.

The undersigned liberally construed the motion as a motion for a preliminary injunction, and held a hearing on the motion on August 15, 2017. Having considered the motion, the testimony at the hearing, and the applicable law, the undersigned recommends that the Motion [17] be DENIED.

## BACKGROUND

*Pro se* plaintiff Carl Watts filed this lawsuit on March, 27, 2017, requesting monetary damages and a transfer to a different prison following an incident where he was assaulted by four inmates.[1]

In the current motion [17], and as clarified at the hearing, he claims that the Defendants are now housing him in the same zone as one of the inmates who previously assaulted him. He alleges that the Defendants are not adequately protecting him and that this Court should order them to transfer him to a protective custody unit in a different prison.

---

[1] Plaintiff's allegations are set forth in more detail in the Omnibus Order [23].

1

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n. 15 (5th Cir.2001).

The undersigned finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to make a clear showing of irreparable harm. Plaintiff has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Steward v. Kelly*, 2006 WL 3825236, at *4 (N.D.Miss. Dec. 27, 2006); *Ready v. Fleming*, 2002 WL 1610584, at *3 (N.D.Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at *14 (E.D.La. Mar. 20, 2007). It is well-settled that prison officials are given wide latitude in the daily operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547–48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

According to Plaintiff, he is currently housed in short term segregation. Defendant Warden Bradley submitted an affidavit stating that Plaintiff is currently housed in administrative segregation Unit A, cell 203, on the top tier. *See* [22-1] at 12. The affidavit explains that in this area inmates are locked down 23 hours a day, and each inmate is only allowed one hour per day recreation by themselves. Moreover, inmates in this area are always escorted by two security officers when they leave their cells. According to the affidavit, Randy Williams, one of the inmates who assaulted Watts, is also housed in the same unit in cell 108 on the bottom tier. *Id.*

Warden Bradley states that Watts has "red tagged"[2] Randy Williams, meaning that Watts and Williams will not be out of their cells at the same time. *Id.*

Further, according to the affidavit, all Defendants in this case are employees of Management and Training Corporation, not the Mississippi Department of Corrections ("MDOC"), and have no authority to transfer Plaintiff to a different prison. *Id.* 2-3. Warden Bradley states that officials at WCCF have submitted multiple requests to MDOC to have Watts transferred to a different correctional facility, but that the MDOC has been unable to grant these requests because Watts also has "red tags" on inmates in protective custody at other facilities. [22-1] at 3.[3]

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on each of the four elements of the analysis. *White v. Carlucci*, 862 F.2d 1209, 1211 & n. 1 (5th Cir.1989) (stating that "[w]ithout question, the irreparable harm element must be satisfied by independent proof" and affirming denial of injunction). When, as here, the movant cannot carry that burden, extraordinary relief is properly denied. *See Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir.1979) (affirming denial of injunctive relief and describing issuance of preliminary injunction as proper "[o]nly in rare instances").

Defendants have reasonable measures in place to minimize the risk of an attack. Plaintiff is currently housed in administrative segregation as a security precaution to keep him separated from other inmates he has red-tagged, and Randy Williams is not allowed out of the cell at the

---

[2] At the omnibus hearing Watts explained that the "red tag" process is used to separate inmates who may be a threat to one another.
[3] Plaintiff testified at the hearing that he has been assaulted before at different Mississippi prisons.

3

same time as Plaintiff. Further, the other inmates who assaulted Plaintiff in the past are not housed in the same area.

Plaintiff argued at the hearing that it is possible that the Defendants may not follow the procedures that they have put in place to keep him safe. Watts has not met his burden of establishing that Defendants will not follow the current protocols or that the protocols are insufficient. He has not made a clear showing that failure to grant an injunction will result in irreparable harm or that he will prevail on the merits. Likewise, he has not established that the Defendants have the authority to provide the transfer he requests.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends Plaintiff's motion [17] for a transfer to another prison be denied.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 16th day of August, 2017.

s/ Michael T. Parker<br>United States Magistrate Judge