IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARL WATTS, #77138                                              PLAINTIFF

V.                                      CAUSE NO. 5:17-CV-38-DCB-MTP

OFFICER "UNKNOWN" PICKETT,
WARDEN JODY BRADLEY,
WARDEN GABRIEL WALKER, and
UNIT MANAGER DIANIA WALKER                                      DEFENDANTS

ORDER AND OPINION

Before the Court is a Motion to Revoke Plaintiff's IFP Status, Or, Alternatively, Motion for Summary Judgment **[Docs. 30, 32]** filed by Defendants Richard Pickett, Jody Bradley, Gabriel Walker, and Diania Walker.

**Background**

Inmates at the Wilkinson County Correctional Facility assaulted fellow inmate Carl Watts on November 7, 2016. Four months later, Watts sued Defendants — prison staff and management — for failing to protect him from the assault.

On the same day, Watts sought leave to proceed in forma pauperis ("IFP"). [Doc. 2] The Court tentatively granted Watts's Motion. [Doc. 6] In so doing, it advised that Watts had accumulated at least three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), but concluded that "[a]t this stage in the proceedings, this Court cannot definitively state that Plaintiff did *not* meet the exception provision at the time he filed his Complaint." [Doc. 6]

Armed with Watts's Spears hearing testimony, Defendants move the Court for an order revoking his IFP status. [Docs. 30, 32][1] That testimony, Defendants contend, shows that Watts was not in imminent danger when he filed this suit. And because Watts was not in imminent danger, Defendants continue, the imminent-danger exception does not apply, and Watts cannot proceed IFP.

In particular, Defendants underscore the chronology of events: Watts alleges he was assaulted on November 7, 2016 and did not file this suit until four months later, on March 27, 2017. By that time, Defendants insist, Watts was not in "imminent danger"

---

[1] Although separate docketing events, entries 30 and 32 appear to be the same document: a motion to revoke IFP status or, alternatively, for summary judgment.

2

because the prison had "red tagged" Watts's assailants, thus ensuring they could not assault him again.[2]

Watts disagrees. He rejoins that he was in "imminent danger" at the time he filed this suit because prison staff had placed him in the same zone as some of the men who assaulted him. [Doc. 35, p. 4] Watts claims he is endangered because prison staff have permitted he and his assailants to leave their cells at the same time. [Doc. 35, p. 4]

I

As a prisoner with at least three strikes, Watts may proceed IFP only if he was in "imminent danger of serious physical injury" at the time he filed this suit. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).[3]

---

[2] The "red tag" or "keep separate" process is used to separate inmates who may pose a threat to each other.

[3] Watts has at least three strikes under § 1915(g). See Watts v. Oglesby, 196 F. App'x 288, 289 (5th Cir. Aug. 28, 2006); Watts v. Bailey, 196 F. App'x 273, 274 (5th Cir. Aug. 28, 2006); Watts v. Doggett, 4:05-CV-70-JCS (S.D. Miss. Jan. 31, 2006); Watts v. Olgesby, 4:05-CV-123-TSL-AGN (S.D. Miss. Aug. 2, 2005); Watts v. Kemp, 4:96-CV-27-TSL (S.D. Miss. June 7, 1996).

Imminent danger means a "genuine emergenc[y] where time is pressing and a threat is real and proximate." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (internal citation omitted). So the imminent-danger exception applies only to impending — not past — harms. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

Courts routinely revoke tentatively-granted IFP status when facts developed post-complaint show that the plaintiff was not in imminent danger on the date he filed suit. See, e.g., Johnson v. Abangan, 3:17-CV-102-DPJ-FKB, 2018 U.S. Dist. LEXIS 44524 (S. D. Miss. Mar. 15, 2018); Liner v. Fischer, 11-Civ-6711-PAC, 2014 U.S. Dist. LEXIS 152008 (S.D.N.Y. Oct. 24, 2014); Levingston v. Locke, 12-Civ-4284-LHK-PR, 2013 U.S. Dist. LEXIS 96409 (N.D. Cal. July 9, 2013).

II

Watts filed this suit on March 27, 2017. Facts developed since show that he was not in imminent danger at that time. He is therefore barred from proceeding IFP. 28 U.S.C. § 1915(g).

Watts tries to invoke the imminent-danger exception based on assaults that occurred in November 2016 — four months pre-complaint. Those past attacks do not show that he was in imminent danger on March 27, 2017. See King v. Livingston, 212 F. App'x 260, 262 (5th Cir. 2006) (unpublished per curiam opinion). To the

4

contrary, Watts testified at his Spears hearing that he has not been assaulted again and he "stay[s] locked in [his] cell" so that his assailants "couldn't get to" him. [Doc. 30-1, pp. 37-38]

Besides pointing to his pre-complaint assault, Watts offers nothing to support the conclusion that he was in imminent danger on the date he filed this suit. See Cummings v. Ford, 1:18-CV-164-P, 2018 WL 1463399, at *2 (W.D. La. Mar. 22, 2018); Gordon v. Fisher, 3:15-CV-592-DPJ-FKB, 2017 WL 1452317, at *3 (S.D. Miss. Apr. 20, 2017). Watts's subjective belief that his assailants remain a threat to him, notwithstanding the prison's "red tagging" procedure, is insufficient to show imminent danger under § 1915(g). See McDonald v. Horton, 7:03-CV-265, 2004 WL 905815, at *1 (N.D. Tex. Apr. 27, 2004).

### III

Watts's Spears hearing testimony and the protective measures Wilkinson County Correctional Facility implemented post-assault show that Watts was not in "imminent danger of serious physical injury" at the time he filed this suit.

Accordingly,

IT IS ORDERED that Defendants' Motion to Revoke Plaintiff's IFP Status, Or, Alternatively, Motion for Summary Judgment **[Docs. 30, 32]** is GRANTED IN PART, and Plaintiff Carl Watts's <u>in forma pauperis</u> status is REVOKED. If Watts wishes to continue this suit, he must pay the filing fee within sixty days. If Watts fails to do so, this suit will be dismissed without further notice.

SO ORDERED this the 18th day of April, 2018.

<pre>
                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE
</pre>