IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION


**CARL WATTS, #77138**                                                        **PLAINTIFF**


V.                                               CAUSE NO. 5:17-CV-38-DCB-MTP


**OFFICER "UNKNOWN" PICKETT,**
**WARDEN JODY BRADLEY,**
**WARDEN GABRIEL WALKER, and**
**UNIT MANAGER DIANIA WALKER**                                                **DEFENDANT**


ORDER AND OPINION


Before the Court is Plaintiff Carl Watts ("Watts")'s Motion for Reconsideration **[Doc. 44]** re [Doc. 42] Order on Motion to Vacate, Order on Motion for Summary Judgment; Motion to Amend [Doc. 44] Motion for Reconsideration **[Doc. 45]**; Motion to Amend/Correct [Doc. 42] Order on Motion to Vacate, Order on Motion for Summary Judgment **[Doc. 47]**. For the reasons that follow, the Motion for Reconsideration **[Doc. 44]** (incorporating the Motion to Amend **[Doc. 45]**) and the Motion to Amend/Correct **[Doc. 47]** are **DENIED**. The Court orders that Watts has thirty days to pay the remaining filing fee, $150.00, or this suit will be dismissed.

I

On April 18, 2018 the Court entered an Order **[Doc. 42]** revoking Watts's in forma pauperis ("IFP") status because Watts's "Spears hearing and the protective measures Wilkinson County Correctional Facility implemented post-assault show that Watts was not in 'imminent danger of serious physical injury' at the time he filed this suit." Doc. 42, p.5. The Court ordered that Watts pay the $400.00 filing fee within sixty days. Watts has partially paid the filing fee in installments of $100.00 on September 19, 2018, and $150.00 on October 26, 2018. A remaining $150.00 is due.

When a Motion for Reconsideration is filed, the time of filing determines whether the Court considers the motion under Federal Rule of Civil Procedure 59(e) or Rule 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); See Dudenhefer v. Davol, Inc., 52 F.3d 1068, *2 (5th Cir. 1995). If a Motion for Reconsideration is filed "no later than 28 days after the entry of the judgment," then it is considered as a Motion to Alter or Amend a Judgment under Rule 59(e). F.R.C.P. 59(e); See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). In the interest of justice, the Court considers Watts's Motion to Reconsider as a Rule 59(e) Motion to Alter or Amend a Judgment because the Motion was filed on August 20, 2018. The Motion was filed within 28 days of August 1, 2018 — the date the Order was mailed to Watts. F.R.C.P. 59(e).

Under Rule 59(e), relief may be granted when plaintiff clearly demonstrates one of the following: (1) a manifest error of law or fact; (2) newly discovered evidence; or (3) an intervening change in the controlling law. Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003). See In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has held that a Motion to Alter or Amend a Judgment under Rule 59(e) is not for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Watts argues that IFP status should be granted because "he did meet the 'imminent danger' exception of 28 U.S.C. § 1915(g) at the time suit was filed." Doc. 44, p.1. Watts contends that he was in imminent danger because defendants housed Watts on the same zone with inmates who assaulted him, and defendants allowed those inmates to be out of their cells at the same time as Watts. Doc. 44, p.6. Defendants contend that Watts "simply rehashes the evidence already before the Court and fails to satisfy Plaintiff's burden for obtaining relief under either Rule 59(e) or Rule 60(b)." Doc. 49, p.3, ¶7. The Court agrees. Watts did not satisfy the burden for relief under Rule 59(e).

Watts states that federal law gives him the right to pay what amount he can until the whole payment is made. Doc. 44, p.8. Watts contends that federal law gives him the right to pay his fees on an installment plan, allowing his suit to proceed on the merits. Id. Watts did not comply with this Court's Order **[Doc. 42]** entered on April 18, 2018, and mailed to Watts on August 1, 2018. The Order revoked Watts's IFP status and required Watts to pay the $400.00 filing fee within sixty days of the Order. More than sixty days have passed since August 2, 2018, and $150.00 remains due. Therefore, in the interest of justice, the Court orders that Watts pay the remaining $150.00 within thirty days of this Order, or the suit will be dismissed.

Accordingly,

IT IS ORDERED that Plaintiff Carl Watts's Motion for Reconsideration **[Doc. 44]** re [Doc. 42] Order on Motion to Vacate, Order on Motion for Summary Judgment (incorporating Motion to Amend [Doc. 44] Motion for Reconsideration **[Doc. 45]**); and Plaintiff Carl Watts's Motion to Amend/Correct [Doc. 42] Order on Motion to Vacate, Order on Motion for Summary Judgment **[Doc. 47]** are **DENIED**. If Watts wishes to continue this suit, he must pay the remainder of the filing fee within thirty days. If Watts fails to do so, this suit will be dismissed.

SO ORDERED this the 14th day of November, 2018.

                                          <u>David Bramlette           </u>
                                        UNITED STATES DISTRICT JUDGE