# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CARL WATTS #77138**                                                                                  **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 5:17-cv-38-DCB-MTP**

**RICHARD PICKETT,** *et al.*                                                    **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [56] for Discovery and Motion [61] to Appoint Counsel. Having carefully considered the parties submissions and the applicable law, the Court finds that the Motions [56] and [61] should be denied.

Plaintiff filed his Motion [56] seeking video footage of Wilkinson County Correctional Facility ("WCCF") for eight separate days spanning a three-month period to demonstrate that certain inmates attacked him. Defendants filed their Response [62] and stated that they diligently searched for this video footage but all security video footage at WCCF is saved for thirty (30) days and then recorded over with other video footage. Production of the requested video footage cannot be compelled because Defendants cannot produce something they do not have in their possession or control, or which no longer exists. *Bencel v. Salas*, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018); *see also* Fed. R. Civ. P. 34(a)(1) which requires the things to be produced be in the responding party's "possession, custody, or control." The Motion [56] for Discovery should be denied.

Plaintiff then filed his Motion [61] requesting that the Court appoint him counsel. Plaintiff states that he cannot afford counsel even though he paid the filing fee in this case and is not proceeding *in forma pauperis*. Plaintiff further states that he cannot conduct adequate legal

research from prison and counsel could aid him at trial in presenting evidence and cross-examining witnesses.

Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel.[1]  However, there "is no automatic right to appointment of counsel in a civil rights case."  *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).  The Court is only required to appoint counsel in civil cases that involve exceptional circumstances.  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

To determine if exceptional circumstances exist, the Court will consider several factors including (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm's Court*, 778 F.2d 250, 253 (5th Cir. 1985).  The Court will also consider "whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."  *Feist*, 778 F.2d at 253.

The Court finds that the present case does not involve novel areas of the law or present exceptional circumstances.  Plaintiff alleges that certain officers at WCCF failed to protect him from other inmates.  Many *pro se* plaintiffs have litigated this type of 42 U.S.C. § 1983 claim in this Court.  Moreover, Plaintiff has demonstrated that he is able to effectively communicate with

---

[1] Plaintiff has not demonstrated his inability to afford counsel.  Indeed, this Court previously revoked his application to proceed *in forma puaperis* and Plaintiff was able to pay the filing fee.  Order [42].

the Court.[2]  Appointment of counsel is not appropriate at this time and the Motion [61] should be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [56] for Discovery is DENIED and Plaintiff's Motion [61] to Appoint Counsel is DENIED.

SO ORDERED this the 26th day of March, 2019.

/s/Michael T. Parker
United States Magistrate Judge

---

[2] Plaintiff filed his Complaint [1], attended an omnibus hearing, and has responded to numerous Orders from this Court.