IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARL WATTS #77138**                                                                                  **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 5:17-cv-38-DCB-MTP**

**RICHARD PICKETT,** *et al.*                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Motion [65] for Summary Judgment filed by Defendants Jody Bradley, Richard Pickett, Diania Walker, and Gabriel Walker along with Motion [67] for Summary Judgment filed by Plaintiff. Having carefully considered the parties' submission and the applicable law, the undersigned recommends that Defendants' Motion [65] be granted in part and denied in part and Plaintiff's Motion [67] be denied.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He filed this civil-rights lawsuit on March 27, 2017 alleging that several prison officials failed to protect him from harm from other inmates while he was housed at Wilkinson County Correctional Facility ("WCCF"). An omnibus hearing was held on August 14, 2017 to clarify and amend Plaintiff's claims.

Plaintiff alleges that on November 7, 2016, he was housed in protective custody "Delta Pod" in cell 212. He was an orderly at the prison and part of his duties included passing out food and cleaning the cell zone. He alleges that Defendant Officer Richard Pickett entered his zone early that morning and while Pickett was on the zone and within earshot, inmates Randy Williams, Phillip McClendon, Leo Perez, and Gary Hughes, in cells 109 and 110, were yelling that they were going to attack Plaintiff when he passed out breakfast trays that morning.

1

Plaintiff claims that Officer Pickett then unlocked cells 109 and 110 despite instruction from another correctional officer that the only cells to be opened that morning were Plaintiff's cell (212) and inmate Kenneth Brewer's cell (209). Plaintiff testified under oath that when Pickett came to unlock his cell, he told Pickett that he did not want to come out that morning to do his orderly duties because these four inmates were threatening him. Plaintiff claims that Pickett unlocked his cell despite being informed of the threats and left. Plaintiff alleges that when he went to get the trays from Pickett, inmate Randy Williams entered Plaintiff's unlocked cell and hid inside. Plaintiff then passed out the breakfast trays, and Pickett left the zone.

Plaintiff maintains that once he passed out breakfast he returned to his cell and was assaulted by Randy Williams who was hidden in his cell. He claims that Williams stabbed him and bit him. As Plaintiff fought Williams off, Williams called for help.

Phillip McClendon, Leo Perez, and Gary Hughes then entered the cell and assaulted him as well. McClendon allegedly stabbed him in the leg, and they then stole his belongings. Plaintiff testified that several officers then entered the zone and controlled the situation. After the attack, Plaintiff was taken for medical attention.

Plaintiff claims that when he was receiving medical treatment after the attack he told both Unit Manager Diania Walker and Deputy Warden Gabriel Walker to put "red tags" on the inmates who assaulted him. Red tags are requests to be kept separate from other inmates. When an inmate red tags another inmate, those two inmates are not permitted to have any interaction and will not be allowed out of their cells at the same time if housed on the same unit. After Plaintiff received medical attention, Diania Walker took him to long-term segregation.

Plaintiff asserts that Diania Walker then came to his cell on December 12, 2016 and told him he was being transferred back to D-Pod. Plaintiff objected to being moved back to where he

was assaulted.  Plaintiff claims that Deputy Warden Gabriel Walker ordered Diania Walker to put him back in D-Pod.  Plaintiff testified that he was not assaulted when he was put back in D-Pod, but that on May 30, 2017, he set a fire so that he would be removed from the zone.  At the time of the omnibus hearing, Plaintiff was no longer housed on D-Pod.

Plaintiff sues Defendant Pickett and Defendant Bradley for failing to protect him from the assault on November 7, 2016.  He sues Defendant Diania Walker, Defendant Gabriel Walker, and Defendant Bradley for failing to protect him when he was placed back on Delta Pod on December 12, 2016.  Defendants filed their Motion [65] for Summary Judgment on May 10, 2019.  Plaintiff did not respond to Motion [65] and the time for doing so has expired.  On May 28, 2019, Plaintiff filed his Motion [67] for Summary Judgment.  Defendants filed their Response [71], and both motions are now ripe for consideration.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted).  The Court must view the evidence in the light most favorable to the non-moving party.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof."  *Washington v. Armstrong*

*World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Defendant Pickett*

Plaintiff sues Defendant Pickett for failing to protect him from the attack by other inmates on November 7, 2016. Pickett has moved for summary judgment and asserts Plaintiff cannot show that Pickett was deliberately indifferent to a substantial risk of harm to Plaintiff. Additionally, Pickett claims that Plaintiff was not required to leave his cell that day to pass out the breakfast trays, and he maintains that it was Plaintiff's voluntary actions that led to the assault.

To establish a § 1983 failure to protect claim against a prison official, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Mere negligent failure to protect is not actionable under § 1983, nor is deliberate indifference established by an official's failure to alleviate a significant risk that the official should have perceived but did not." *Brown v. Bufkin*, 2019 WL 322002, at *4 (S.D. Miss. July 17, 2019) (citing *Thompson v. Upshur Cnty., TX* 245 F.3d 447, 459 (5th Cir. 2001));

4

*Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The parties dispute whether Plaintiff told Defendant Pickett that he was afraid of the other inmates or if he communicated his fear of the four attackers prior to the altercation. Pickett's affidavit states that Plaintiff never voiced concerns about the other inmates on the morning of the attack. *See* [65-2] at 2. Plaintiff, however, testified at the omnibus hearing that Pickett should have clearly heard the other inmates yelling threats at him and that he reported to Pickett that morning that he was afraid of these four inmates. *See* [65-1] at 16-17. The undersigned finds that this creates a genuine issue of material fact regarding whether or not Defendant Pickett was aware of the threat to Plaintiff's safety and if he acted with deliberate indifference by unlocking Plaintiff's cell while the other inmates were out of their cells.

Defendant Pickett argues that he is entitled to summary judgment because Plaintiff voluntarily left his cell and inserted himself into a dangerous situation. But it does not matter if Plaintiff left his cell or stayed inside his cell, because Defendant Pickett unlocked Plaintiff's cell and left the zone according to Plaintiff's version of the facts. It is not disputed that Plaintiff's attackers were out of their cells when Defendant Pickett left the zone with Plaintiff's cell unlocked. Because there is a genuine dispute of material fact regarding Defendant Pickett's alleged failure to protect, the undersigned recommends denying summary judgment on this claim.

### *Defendant Bradley*

Defendant Bradley, the warden of WCCF, also moves for summary judgment. He argues that he cannot be held liable for the assault against Plaintiff because he was not present when it

occurred and supervisory officials cannot be vicariously liable under 42 U.S.C. § 1983. The undersigned agrees.

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). "[A] supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 304. It is undisputed that Defendant Bradley was not involved in any manner in the relevant incident. Defendant Bradley, therefore, cannot be held liable and is entitled to summary judgment.

*Failure to Protect After Attack*

Plaintiff also sues Defendants Gabriel Walker, Diania Walker, and Jody Bradley for failing to protect him after the attack. Plaintiff was moved to J-Pod (long-term segregation) after the attack and was then moved back by these Defendants to D-Pod (protective custody), where the attack occurred, on December 12, 2016. Defendants submit that even though Plaintiff was returned to the same unit with his attackers, they are entitled to summary judgment on his failure to protect claim because he has not established that there was a substantial risk of serious harm and he did not suffer any injury.

"Absent a showing that other inmates harmed [Plaintiff], there is no factual basis for a failure to protect claim." *Walzier v.McMullen*, 333 Fed. App'x 848, 851 (5th Cir. 2009); *see also Johnson v. Burnly*, 2018 WL 1341727, at *3 (S.D. Miss. Feb. 9, 2018) (holding that plaintiff had to demonstrate an actual physical harm resulting from the conduct of prison officials to establish failure to protect claim). "In the absence of any allegation of physical injury, [a plaintiff] fail[s]

to allege facts which would support a claim for compensatory damages." *Brooks v. Walker*, 2019 WL 4315020, at *2 (S.D. Miss. May 10, 2019).

Both parties acknowledge that Plaintiff did not suffer any type of physical injury after he was transferred back to D-Pod. Plaintiff testified at the omnibus hearing that he had not been assaulted again since the November 2016 incident. *See* [65-1] at 30, 37. He also testified that he was no longer on D-Pod at the time of the hearing. *Id.* at 47. Because Plaintiff was not physically harmed by other inmates after he was returned to D-Pod, he cannot establish a failure to protect claim against Defendants Gabriel Walker, Diania Walker, and Jody Bradley for compensatory damages.

Additionally, to the extent that Plaintiff is seeking injunctive relief— that he be housed in another prison— he cannot prevail on these facts.[1] "An inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another." *Johnson v. King*, 2013 WL 1729247, at *2 (S.D. Miss. Apr. 22, 2013) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). "It would be an unreasonable interference with prison administration to rule that Plaintiff must be housed at a facility of his choosing based on a generalized fear…." *Brooks*, 2019 WL 4315020, at *2. Moreover, it is not clear that Defendants or WCCF have the authority to transfer Plaintiff to another prison. Defendants submit that several requests have been made to MDOC to transfer Plaintiff, but MDOC has been unable to grant these requests because Plaintiff has also placed red-tags on other inmates housed on other protective custody units at different facilities. *See* Affidavit [22-

---

[1] Plaintiff previously requested to be transferred to another prison, but that Motion [17] was denied by the Court. Order [37]. The docket reflects that he is still housed at WCCF, but as of August 2017, Plaintiff was housed in the administrative segregation unit and was not allowed out of his cell at the same time as other inmates he red-tagged. *See* Affidavit [22-1].

1] at 3. For these reasons, Plaintiff is not entitled to compensatory or injunctive relief on his second failure to protect claim, and summary judgment should be granted on this issue.

### *Plaintiff's Motion [67] for Summary Judgment*

Plaintiff did not reply to Defendants' Motion [65] for Summary Judgment. He did, however, file his own Motion [67] for Summary Judgment. The Court has construed the Motion [67] as a reply to Motion [65] because Plaintiff generally responds to the issues addressed in Defendants' Motion. As previously discussed, Defendants are entitled to summary judgment on Plaintiff's claims against Defendants Jody Bradley, Gabriel Walker, and Diania Walker. There is, however, a genuine dispute of material fact regarding the failure to protect claim against Defendant Pickett. Plaintiff, therefore, is not entitled to summary judgment on any of his claims and his Motion [67] should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends:

1. GRANTING IN PART and DENYING IN PART Defendants' Motion [65] for Summary Judgment.

2. Dismissing Defendants Jody Bradley, Gabriel Walker, and Diania Walker with prejudice.

3. Allowing Plaintiff's claim against Defendant Pickett to proceed to trial.

4. DENYING Plaintiff's Motion [67] for Summary Judgment.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of October, 2019

s/ Michael T. Parker<br>United States Magistrate Judge