**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DIVISION**

**CARL WATTS #77138**                                                       **PLAINTIFF**

**Vs.**                          **CIVIL ACTION NO. 5:17-cv-38-DCB-MTP**

**RICHARD PICKETT, et al.**                                       **DEFENDANTS**

ORDER

This matter is before the Court on Defendants Jody Bradley, Richard Pickett, Diania Walker, and Gabriel Walker's Motion for Summary Judgment (Doc. 65), Plaintiff Carl Watts ("Watts")' Motion for Summary Judgment (Doc 67), and Magistrate Judge Michael T. Parker's unopposed Report and Recommendation (Doc. 75). Having read the Motion, memoranda in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court ADOPTS Magistrate Judge Parker's Report and Recommendation.

Background

Plaintiff Watts is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), who is currently housed at Wilkinson County Correctional Facility ("WCCF"). Watts filed this civil-rights lawsuit on March 27, 2017 alleging that several prison officials failed to protect him from harm from other inmates.

1

Watts alleges that on November 7, 2007, he was housed in protective custody "Delta Pod" in cell 212. He worked as an orderly at the prison, which involved passing out food and cleaning the cell zone. Watts claims that Defendant Officer Richard Pickett entered his zone on November 7, 2017 and that, while Pickett was within earshot, inmates Randy Williams, Phillip McClendon, Leo Perez, and Gary Hughes, in cells 109 and 110, were yelling that they were going to attack the Plaintiff when he passed out breakfast that morning.

Watts claims that Officer Pickett then unlocked cells 109 and 110 despite instruction from another correctional officer that the only cells to be opened that morning were Watts' cell (212) and inmate Kenneth Brewer's cell (209). Watts, under oath, testified that he told Officer Pickett that he did not want to come out that morning to do his orderly duties because inmates were threatening him. However, Watts claims that Officer Picket ignored the threats and opened his cell anyway.

When Watts left his cell to get the breakfast trays, inmate Randy Williams entered Watts unlocked cell and hid inside. Watts passed out the trays and then Officer Pickett left the zone. When Watts returned to his cell he was attacked by Williams who allegedly stabbed and bit him. Williams called for help during the fight. Phillip McClendon, Leo Perez, and Gary Hughes then

2

entered the cell and assaulted Watts. McClendon allegedly stabbed him in the leg, and they stole his belongings. Several officers entered the zone and handled the situation. Watts was then taken for medical attention.

While Watts was receiving medical treatment, he told Unit Manager Diania Walker and Deputy Warden Gabriel Walker to put "red tags" on the inmates who assaulted him, i.e., a request to be kept separate from the inmates. After his medical treatment, Diania Walker took Watts to long-term segregation. Plaintiff claims that Diania Walker told him on December 12, 2016 that he was being transferred back to the Delta-Pod ("D-Pod"). Watts objected to being returned to the zone where he was assaulted and asserts that Deputy Warden Gabriel Walker ordered Diania Walker to put him back in the D-Pod. Watts was not assaulted when he was put back in the D-Pod, but he started a fire on May 30, 2017 so that he would be removed from the zone. At the time of the omnibus hearing, Watts was no longer housed in the D-Pod.

## Standard of Review

A party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court is not permitted to make credibility determinations or weigh the evidence at the summary judgment

3

stage of litigation. See Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009)(citing Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2010)). All facts and inferences must be made in "the light most favorable to the nonmoving party." See Sierra Club, Inc. v. Sandy Creek Energy Assoc., L.P., 627 F.3d 134, 138 (5th Cir. 2010)(citation omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" McDonald v. Entergy Operations, Inc., 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980)).

## Discussion

**Defendant Pickett**

The Court agrees with Magistrate Judge Parker's recommendation to deny summary judgment on this claim. Watts sues Defendant Pickett for failing to protect him from the attack on November 7, 2016. To establish a § 1983 failure to protect claim against a prison official, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(citing Farmer v. Brennan, 511 U.S. 825 (1994)). To act with deliberate indifference, "the official

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Deliberate indifference is "an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

There is dispute as to whether Watts told Officer Pickett that he was afraid of the other inmates or if he communicated his fear of the four attackers prior to the altercation. Pickett claims that Watts never voiced any concerns to him. However, Watts testified at the omnibus hearing that Officer Pickett should have clearly heard the other inmates yelling threats at him and that he had reported his fear to Pickett that morning. This creates a genuine issue of material fact regarding whether or not Pickett was aware of the threat to Watts' safety and if he acted with deliberate indifference by unlocking Watts' cell while the other inmates were out of their cells.

Pickett argues that he is entitled to summary judgment because Watts voluntarily left his cell and inserted himself into a dangerous situation. Magistrate Parker correctly opines that it does not matter whether Watts remained in his cell or left it. According to Watts' sworn testimony, Defendant Pickett unlocked Watts' cell and left the zone. It is not disputed that

Watts' attackers were out of their cells and that Pickett left the zone with Watts' cell unlocked.

**Defendant Bradley**

Defendant Bradley, the warden of WCCF, also moves for summary judgment. His motion should be granted because he was not present when the assault occurred, and supervisory officials cannot be vicariously liable under 42 U.S.C. §1983. It is undisputed that Bradley was not involved in any manner in the relevant incident, and that there is no causal connection between any wrongful conduct on his part and Watts' § 1983 claim. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

**Failure to Protect After Attack**

Watts also sues Defendants Gabriel Walker, Diania Walker, and Jody Bradley for failing to protect him after the attack. His claim centers around these Defendants' decision to move Watts back to D-Pod, where the attack occurred. "Absent a showing that other inmates harmed [Plaintiff], there is no factual basis for a failure to protect claim." Walzier v. McMullen, 333 Fed.App'x 848, 851 (5th Cir. 2009); see also, Johnson v. Burnley, 2018 WL 1341727, at *3 (S.D. Miss. Feb. 9, 2018)(holding that plaintiff had to demonstrate an actual physical harm resulting from the conduct of prison officials to establish a failure to protect claim). "In the absence of any allegation of physical injury, [a plaintiff] fail[s] to allege

6

facts which would support a claim for compensatory damages." Brooks v. Walker, 2019 WL 4315020, at *2 (S.D. Miss. May 10, 2019). It is not disputed that Watts did not suffer any type of physical injury after being transferred back to D-Pod. Therefore, he cannot allege facts that would support a claim for compensatory damages.

To the extent that Watts is seeking injunctive relief – that he be housed in another prison – he cannot prevail. "An inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another." Johnson v. King, 2013 WL 1729247, at *2 (S.D. Miss. Apr. 22, 2013)( citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983)).

Therefore, Watts is not entitled to compensatory or injunctive relief on his failure to protect claim, and summary judgment should be granted.

**Plaintiff's Motion for Summary Judgment**

Watts did not reply to Defendants' Motion for Summary Judgment (Doc. 65). However, he filed his own Motion for Summary Judgment (Doc. 67). The Court has construed the Motion (67) as a response to Motion (65) because the Plaintiff generally responds to the issues raised in the Defendants' Motion. As such, his

Motion for Summary Judgment should be denied as it is a response to the Defendants' Motion.

## Conclusion

Defendants are entitled to summary judgment on Plaintiff's claims against Defendants Jody Bradley, Gabriel Walker, and Diania Walker. However, there is a genuine dispute of material fact regarding the failure to protect claim against Defendant Picket.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Court ADOPTS Magistrate Judge Parker's Report and Recommendation GRANTING IN PART and DENYING IN PART Defendants' Motion for Summary Judgment (Doc. 65). Defendants Jody Bradley, Gabriel Walker, and Diania Walker are DISMISSED with prejudice. Plaintiff Watts' claim against Defendant Pickett may proceed to trial. Plaintiff's Motion for Summary Judgment is DENIED.

SO ORDERED, this the 13th day of November, 2019.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE